# EXHIBIT A



**Superior Court of the District of Col     bia**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Carla Dancy Hines & Anthony Dancy, Co Pers Reps-Est of Senella Dancy
_____
                                                    Plaintiff

                            vs.

Washington Metropolitan Area Transit Authority          Case Number   **2021 CA 000283 B**
_____
                                                    Defendant

### SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

John F.X. Costello
_____
Name of Plaintiff's Attorney

5845 Allentown Road
_____
Address
Camp Springs, MD 20746

301-925-9080
_____
Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.    ኢማን የቃኘ አስተርጓሚ (202) 879-4828 ይደውሉ

        *Clerk of the Court*

By _____
                        *Deputy Clerk*

Date   **02/04/2021**

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                    **Demandante**

        contra

                                                    Número de Caso: _____

_____
                                    **Demandado**

## CITATORIO

Al susodicho Demandado:

        Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

        A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Nombre del abogado del Demandante                    *SECRETARIO DEL TRIBUNAL*
_____

Dirección _____                    Por: _____
                                                              Subsecretario
_____

Teléfono _____                     Fecha _____

如需翻译，请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

한국어 번역을 원하시면 (202) 879-4828 로 연락하십시오       የተሟላ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._**

    Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]
                                                                    Super. Ct. Civ. R. 4

Filed
D.C. Superior Court
02/28/2021 10:27PM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
*Civil Division*

CARLA DANCY HINES, Individually, :
as Co-Personal Representative of :
the Estate of Senella Dancy :
6420 Glen Oak Drive :
Temple Hills, MD 20748 :
 :
and :
 :
Anthony Dancy, Individually, :
as Co-Personal Representative of :
the Estate of Senella Dancy :
4733 1st Street, S.W., #202 :
Washington, D.C. 20032 :
 :
     Plaintiffs :
 :
  v. : Case No: **2021 CA 000283 B**
 :
WASHINGTON METROPOLITAN AREA :
TRANSIT AUTHORITY :
600 5th Street, N.W. :
Washington, D.C. 20001 :
 :
SERVE: :
 :
GENERAL COUNSEL :
WASHINGTON METROPOLITAN AREA :
TRANSIT ATHORITY :
2nd Floor :
600 5th Street, NW :
Washington, DC  20001 :
 :
    Defendant :

## COMPLAINT

   COMES NOW the Plaintiffs, Carla Dancy Hines, and Anthony

Dancy, Individually, as Co-Personal Representatives of the Estate

of Senella Dancy, as legal representatives of the Estate of Senella
Dancy and as her next of kin and legal heirs, by and through their
attorney, John F.X. Costello, Costello & Edwards, LLC, and sue the
Defendant, Washington Metropolitan Area Transit Authority,
(hereafter AWMATA@), and as grounds therefore states:

### COUNT 1
**(Survival Action *DC Code 12-101*)**

1.     Jurisdiction in this Court is founded on the WMATA Compact
(hereafter Athe Compact@) which establishes jurisdiction in this
Court over WMATA matters pursuant to the Compact, *ART. III, §4* and
*ART. XVI §81*, adopted in the *District of Columbia Code* at
*§9-1107.10, DC Code 11-921, 12-101, and 16-2701*.

2.     That Washington Metropolitan Area Transit Authority is a
legal entity licensed and doing business in the District of
Columbia.   The accident that forms the subject of this suit
occurred in the District of Columbia.

3.     That at all times material the Plaintiffs, Carla D. Hines and
Anthony Dancy were and are the Co-Personal Representatives of the
estate of their mother, Senella Dancy, the Decedent, having been
appointed by the Probate Division of the Superior Court of the
District of Columbia in Case No. 2019 ADM 000393.

4.     That as the surviving children of the Decedent, Senella Dancy,
the Plaintiffs are the legal representatives of the estate of the

Decedent, her heirs at law, and next of kin, and therefore her statutory beneficiaries.

5.    That the Defendant, WMATA, created effective February 20, 1967, is an Interstate Compact Agency, and by the terms of enabling legislation is an agency and instrumentality of the District of Columbia, State of Maryland, and Commonwealth of Virginia.

6.    That on or about March 14, 2019 Senella Dancy, a resident of the District of Columbia, was a customer/invitee of the Defendant, WMATA, at their Fort Totten Station, located in Northeast Washington, DC.

7.    That at that time, Mrs. Dancy, (the ADecedent@) was 78 years old, fragile, with brain atrophy with senile changes.  She had never ridden or otherwise used a subway before.

8.    That at all times relevant hereto, WMATA was the owner and operator of the Fort Totten Metro Station located at 530 Galloway Street, N.E., Washington, D.C. 20011.

9.    That at all times the Defendant, WMATA was the employer of the operator of the subways traveling to and at the Fort Totten Metro Station.

10.   That the aforesaid Metro Station was managed, monitored, overseen, and run by WMATA employees, including but not limited to the station manager.

11.   That at all times relevant hereto, the station manager was acting within the scope of his employment and/or agency with WMATA and WMATA is vicariously liable for all of his acts of negligence and those of the metro subways= drivers, committed within the scope of their employment.

12.   That at all times relevant hereto, the station manager was responsible for the management and operation of the Metro Station at the time of the incidents complained of that are the subject of this litigation.

13.   WMATA is vicariously liable for all acts of the station manager, station employees, and subway operators that were committed within the scope of their employment.

14.   During the evening hours of March 14, 2019 Ms. Dancy went to the subway station at Fort Totten to travel to her home.

15.   That Ms. Dancy remained in the station for in excess of two and one-half (2 2) hours, as she was confused, did not know which train to take, and otherwise found herself incapable, physically and/or mentally, of boarding a train for a safe destination.

16.   That during that time Plaintiff=s Decedent walked back and forth across the station demonstrating her inability to make a determination as to which train to take for her safe travels to her destination.

17.  That during that time it was abundantly clear that the Plaintiff=s Decedent, was confused, as demonstrated on a number of video cameras throughout the station.

18.  That the entire time that she was on the platform of the station she was observed, observable, and recorded on the Metro Station=s safety and surveillance video and otherwise observed by WMATA employees including but not limited to the Station Manager.

19.  That the safety and surveillance video was broadcast in the station manager=s kiosk and was to be monitored at all times by Metro employees including but not limited to the station manager.

20.  That the safety and surveillance video was broadcast in the railway operation command center (ROCC) and was to be monitored at all times.

21.  That at no time while Ms. Dancy was present on the platform of the Metro Station did any employee or agent of WMATA make any attempt to assist, or speak to Ms. Dancy, or to intervene when Ms. Dancy entered the train tracks.

22.  That the Defendants through their servants, agents and/or employees never attempted to notify WMATA ROCC of the Plaintiff=s Decedents presence on the tracks in order to stop any incoming train so that Ms. Dancy could be safely removed therefrom.

23.  That the Defendant, WMATA, failed to secure any and all gates

from the platform to the tracks in question, negligently failed
to lock the doors of the gates to the tracks, and otherwise
negligently failed to warn of or otherwise make safe the premises
so as to prevent Ms. Dancy from unknowingly, in her confused state
from going onto the tracks.

24.   That at all times relevant and material, the Defendant, WMATA,
through its servants, agent and/or employees owed a duty of due
care, to Ms. Dancy, and was negligent or negligent per se in the
following ways:

    a.   Failing to insure the safety of its visitor and
       passenger, Ms. Dancy in the Metro Station;

    b.   Failing to pay full time and attention to the operation
       of the Metro trains;

    c.   Failing to properly monitor the Metro Station and its
       passengers;

    d.   Failing to keep a proper look out while in the station
       manager=s kiosk;

    e.   Failing to properly inspect the Metro Station;

    f.   Failing to properly monitor security surveillance
       video;

    g.   Failing to recognize that the Plaintiff=s Decedent had
       entered onto the train tracks;

h.   Failing to take steps to insure the safety of Ms. Dancy;

i.   Failing to notify ROCC that Ms. Dancy was on the tracks of the Metro Station;

j.   Failing to monitor the surveillance video of the platform of the Metro Station;

k.   Failing to notify ROCC if the station manager=s kiosk was left unattended allowing Ms. Dancy, because of her fragile state, both physically and mentally, to access and enter the train tracks and to remain on train tracks for an extended period of time without any interventions being taken to safeguard her or to notify ROCC of her presence on the tracks;

l.   Failing to take steps to stop incoming Metro trains from entering the station;

m.   Failing to stop the Metro train from operating and striking Ms. Dancy;

n.   Failing to pay full time and attention when operating the Metro train on March 14, 2019;

o.   Failing to activate the Emergency Stop push button prior to striking Ms. Dancy;

p.   Failing to adhere to the WMATA SOP=s which reflect applicable standards of care;

-7-

q.   Failing to comply with applicable WMATA Safety Rules and
Regulations;

r.   Failing to comply with applicable WMATA Standard
Operating Procedures;

s.   Otherwise negligently failing to take steps to protect
Ms. Dancy, to warn her of the dangers of the entrances
to the track, failing to secure gates that led to the
track, and otherwise negligently operating the station,
and the Metro train.

25.  That as a result of the aforesaid negligence on the part of
the Defendant, WMATA, without any negligence on the part of the
Plaintiffs and/or, the Decedent, contributing thereto, the
Plaintiff=s Decedent, Ms. Dancy, was struck by a WMATA train, when
she, in a confused state went through an unmarked gate onto the
tracks and was struck by a WMATA train throwing her to the ground
resulting in her death.

26.  That as a direct and proximate result of the aforesaid
negligence of the Defendants without any negligence on the part
of the Plaintiff contributing thereto, Plaintiff=s Decedent
suffered extreme physical and emotional conscious pain and/or
pre-impact fright suffering and injury resulting in her death on
March 14, 2019.

27.  That as a result of the aforesaid negligence of the Defendants the Plaintiff=s Estate has been caused to incur substantial funeral, medical, burial expense.

28.  That as a result of the aforesaid negligence of the Defendants the Plaintiff=s Estate has been caused to suffer an economic loss of the net estate.

WHEREFORE, the Plaintiffs, Carla Dancy Hines, and Anthony Dancy, as Co-Personal Representatives, legal representatives, heirs, and next of kin of Senella Dancy, sue the Defendant, Washington Metropolitan Area Transit Authority pursuant to *D.C. Code 12-101* and demand judgment against it in the amount of $10,000,000.00, plus costs.

### COUNT II
### (WRONGFUL DEATH)
### (*DC CODE 16-2701*)

29.  This action is brought pursuant to *D.C. §16-2701.*

30.  The allegations contained in the proceeding paragraphs are incorporated by reference as if more fully set forth herein.

31.  That the Defendant, WMATA, owed a duty of care to the Decedent, Ms. Dancy, to oversee, operate, manage, and maintain the Metro Station with a degree of care and skill that a reasonably competent station would have exercised under similar circumstances and to

comply with all applicable safety rules, procedures, and SOP=s.

32.   That at all times material Defendant was required to comply with their *Metro Safety Rules and Procedures Handbook* in force and effect at the time of the occurrence and to otherwise maintain the premises in such a fashion as to avoid subjecting foreseeable users of the Metro Station including but limited to the Plaintiff=s Decedent from an unreasonable risk of bodily harm.

33.   The Defendant negligently failed to follow its Standard Operating Procedures, and/or its Handbook, and/or to exercise reasonable care in that it failed to:

1.   Come to the assistance and aid of Plaintiff=s Decedent as she was lost, or otherwise confused at the station;

2.   Failed to give the ROCC the information involving the fact that the Plaintiff=s Decedent was on the train tracks;

3.   Failed to instruct all train operators approaching the area to stop their trains;

4.   Failed to go to the end of the platform where a train would enter the station and to prepare to flag trains down;

5.   Failed to insure the safety of Ms. Dancy in the Metro Station;

–10–

6.   Failed to pay full time and attention to the operation the station;

7.   Failed to properly monitor the station;

8.   Failed to keep a proper look out while in the station kiosk;

9.   Failed to properly inspect the station;

10.  Failed to properly monitor security surveillance video;

11.  Failed to recognize that Plaintiff, Ms. Dancy was on the train tracks at the station;

12.  Failed to take steps to insure the safety of Ms. Dancy;

13.  Failed to notify ROCC that Ms. Dancy was on the tracks;

14.  Failed to properly monitor the surveillance video of the platform of the Metro Station;

15.  Failed to notify ROCC if the station manager=s was left unattended;

16.  Allowed Ms. Dancy, because of diminished capacity and/or confusion to access and enter the train tracks and remain on the tracks for an extended period of time without any interventions being taken to safeguard her or to notify ROCC of her presence on the tracks;

17.  Failed to take steps to stop incoming Metro trains

—11—

entering the station;

18. Failed to stop a Metro train from operating and striking Ms. Dancy;

19. Failed to adhere to the WMATA SOP=s which would reflect the applicable standard of care.

20. Failed to comply with all applicable WMATA safety rules and procedures;

21. Failed to comply with all applicable WMATA standard operating procedures;

22. Otherwise failed to take steps to avoid injury to Ms. Dancy.

34. That as a result of the aforesaid negligence of the Defendant, without any negligence on the part of the Plaintiff=s Decedent, or the Plaintiffs contributing thereto, the Plaintiff=s Decedent, Ms. Dancy was caused to be struck by a Metro train when she inadvertently and/or unknowingly, passed through an unmarked, unlocked gate onto the tracks.

35. That as a result of the aforesaid negligence of the Defendant, without any negligence on the part of the Plaintiff=s Decedent and/or Plaintiffs contributing thereto, the Plaintiff=s Decedent was caused to suffer extreme conscious, physical and emotional pain and suffering and serious injury resulting in her death on March

14, 2019.

36.   As a result of the aforesaid negligence of the Defendant, without any negligence on the part of the Plaintiff=s Decedent and/or Plaintiffs contributing thereto, Plaintiffs, Carla Dancy Hines and Anthony Dancy as Co-Personal Representatives of the Estate of Senella Dancy and/or as individuals seek all allowable damages pursuant to the *Wrongful Death Act, D.C. Code §16-2701,* including the loss of financial support, guidance, parental care, education, training and counseling all or part of which are permanent in nature.

37 .   That the Decedent=s estate has been caused to incur substantial medical, funeral and burial expenses.

**WHEREFORE**, Plaintiffs, Carla Dancy Hines and Anthony Dancy, Co-Personal Representatives of the Estate of Senella Dancy and/or individualy, sue the Defendant, Washington Metropolitan Area Transit Authority and demand judgment against it in the amount of $10,000,000.00 plus costs.

Respectfully submitted,

COSTELLO & EDWARDS, LLC

By:    /s/John F.X. Costello
       John F.X. Costello #279935
       5845 Allentown Road
       Camp Springs, MD 20746
       (301) 925-9080
       (301) 925-9829
       johnfxcostello@gmail.com

–13–

## DEMAND FOR JURY TRIAL

The Plaintiffs request trial by jury as to all issues contained herein.

/s/John F.X. Costello
John F.X. Costello

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARLA DANCY HINES, Individually,   :
as Co-Personal Representative of  :
the Estate of Senella Dancy     :
6420 Glen Oak Drive          :
Temple Hills, MD 20748       :
                          :
and                     :
                     :
Anthony Dancy, Individually,    :
as Co-Personal Representative of  :
the Estate of Senella Dancy     :
4733 1st Street, S.W., #202    :
Washington, D.C. 20032      :
                     :
              Plaintiffs   :
                     :
    v.               :  Case No:  **2021 CA 000283 B**
                     :
WASHINGTON METROPOLITAN AREA  :
TRANSIT AUTHORITY        :
600 5th Street, N.W.        :
Washington, D.C. 20001      :
                     :
SERVE:                 :
                     :
GENERAL COUNSEL          :
WASHINGTON METROPOLITAN AREA  :
TRANSIT ATHORITY         :
2nd Floor               :
600 5th Street, NW         :
Washington, DC  20001      :
                     :
             Defendant   :

**PRAECIPE**

−1−

Mr. Clerk:

Please find enclosed the following documents for filing in the above matter:

1.   Complaint;

2.   Superior Court of the District of Columbia Civil Division- Civil Actions Branch Information Sheet;

3.   Summons to Washington Metropolitan Area Transit Authority.  Please issue Summons to Metropolitan Area Transit Authority and return same to attorney for service.

Respectfully submitted,

COSTELLO & EDWARDS, LLC


By:   /s/John F.X. Costello
      John F.X. Costello #279935
      5845 Allentown Road
      Camp Springs, MD 20746
      (301) 925-9080
      (301) 925-9029
      johnfxcostello@gmail.com

# Information Sheet, Continued

## C. OTHERS

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

## II.

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)

- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

## D. REAL PROPERTY

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

_____ 1/28/21 _____
Date

CV-496/ June 2015



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

CARLA DANCY HINES et al
Vs.
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

C.A. No.        2021 CA 000283 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Anita M. Josey-Herring

Case Assigned to: Judge TODD E EDELMAN
Date:        February 1, 2021
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, April 30, 2021
Location:   Courtroom JM-4
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides, "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'''). prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree. the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street. N.W., Washington. DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

2

Civil Remote Hearing Instructions for Participants

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option 1:** (AUDIO ONLY/Dial-in by Phone):

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- ○  *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise. If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the **Audio Alternative**

**Option 2:** (LAPTOP/ DESKTOP USERS 1):

Open Web Browser in Google Chrome and copy and paste following address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** (LAPTOP/ DESKTOP USERS 2):

Open Web Browser in Google Chrome and copy and paste following address https://dccourts.webex.com   Select **Join**, enter the Meeting ID from the next page

**AUDIO ALTERNATIVE:**  Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.



**Option 4:** (Ipad/SMART PHONE/TABLET):

- •  Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- •  Sign into the App with your Name and Email Address
- •  Select Join Meeting
- •  Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- •  Click join and make sure your microphone is muted and your video is unmuted (if you need to be
- •  seen). If you only need to speak and do not need to be seen, use the audio only option.
- •  When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

For Technical Questions or issues Call: (202) 879-1928, Option #2

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|---|---|---|---|
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |