UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARLA DANCY HINES,** *et al.* <br><br> **Plaintiffs,** <br><br> v. <br><br> **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY** <br><br> **Defendant.** | Civil Action No. 1:21-cv-679 (DLF) |

### DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE PLAINTIFFS' COMPLAINT

**COMES NOW** Defendant Washington Metropolitan Area Transit Authority (hereafter "WMATA" or "Defendant"), by and through undersigned counsel, and submits this memorandum of points and authorities in support of its Motion to Dismiss.

Plaintiffs Carla Dancy Hines and Anthony Dancy, both individually and as co-personal representatives of the Estate of Senella Dancy, filed the instant Complaint pertaining to the death of Senella Dancy (hereafter "Decedent"). The Complaint asserts a negligence claim pertaining to the death of the Decedent and seeks recovery pursuant to a survival action (Count I) and wrongful death (Count II).

I. **FACTUAL BACKGROUND**

The relevant facts asserted in the Complaint are as follow:

- On March 14, 2019, the Decedent entered the Fort Totten Station and was on the station platform area. (*See* Complaint at ¶¶ 6 and 14.)

- Decedent exited the station platform area and trespassed onto the train tracks. (*See id*. at ¶¶ 21 and 25.)

- Decedent was then struck by a train and killed as a result of being present on the train track. (*See id*. at ¶ 25.)

## II. <u>LEGAL STANDARD</u>

A party may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *id*., and must "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. To state a facially plausible claim, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint alleging "facts [that] are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*., quoting *Twombly*, 550 U.S. at 557).

A complaint can also be dismissed under Rule 12(b)(6) when it is "patently obvious" that the plaintiff cannot possible prevail based on the facts alleged in the complaint. *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990).

When evaluating a Rule 12(b)(6) motion, the court "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012). Conclusory allegations, however, are not entitled to an assumption of truth, and even allegations pleaded

with factual support need only be accepted insofar as "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Finally, a Rule 12(b)(6) dismissal for failure to state a claim "is a resolution on the merits and is ordinarily prejudicial." *Buchwald v. Citibank, N.A.*, 2013 WL 5218579, at *5 (D.D.C. Sept. 17, 2013), quoting *Okusami v. Psychiatric Inst. of Wash., Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992); *see also* Fed. R. Civ. P. 41(b).

III. **ARGUMENT**

a. **At the Time of the Incident, the Decedent Was Trespassing**

The station platform is the designated area for passengers waiting for trains. Upon leaving the platform, the Decedent became a trespasser at the station at the time of her death. *See Johnson v. Washington Metropolitan Area Transit Authority*, 98 F.3d 1423, 1425 (D.C. 1996) (decedent who jumped from WMATA platform onto the tracks was a trespasser). The District of Columbia Court of Appeals has defined a "trespasser" as "one who enters or remains upon property in the possession of another without the consent of the possessor." *Lacy v. Sutton Place Condo. Ass'n, Inc.*, 684 A.2d 390, 393 (D.C. 1996).

It is beyond dispute that the Decedent was on the train tracks at the time of the incident. This is an area where the public is not invited or permitted to enter by WMATA. *See Whitaker v. WMATA*, 1984 U.S. Dist. LEXIS 16712, *12 (D.D.C. May 14, 1984) ("When plaintiff in the instant case left the platform and entered the subway tunnel, he exceeded the scope of his status as a fare paying passenger who was lawfully on the premises and became a trespasser."). "It is clear that there is no justification for a reasonable person to believe that [WMATA] would consent to the entry of the public into the subway tunnel and onto the tracks." *Id*. at *14.

Plaintiffs allege that at the time of the incident, the Decedent was "78 years old, fragile, with brain atrophy with senile changes." (Complaint at ¶ 7.) However, any argument that the Decedent was unaware that she was entering the train track does not change her status as a trespasser. S*ee Whitaker* at *15 ("The definition of a trespasser, as set forth in *Firfer* [*v. United States*, 208 F.2d 524 (D.C. Cir. 1953)] applies 'regardless of how the person entered the premises (accidently, intentionally, or inadvertently), or why the person remained on the property.'"), *citing Copeland v. Baltimore & Ohio Railroad Co.*, 416 A.2d 1, 2-3 (D.C. 1980). Therefore, even if Decedent did not have control over her actions, or did not know what she was doing, it would not change her status as a trespasser. *See Whitaker* at *15 ("…the fact that plaintiff was . . . not in full control of his actions does not change his status as a trespasser."); *see also Copeland*, 416 A.2d at 3-4 ("Even though the plaintiff was in an unconscious/semi-conscious state and did not recall being placed on the train tracks, the plaintiff was still a trespasser.").

### b. A Trespasser Is Not Owed a Duty of Reasonable Care

"Under current District of Columbia tort law, licensees are entitled to a duty of reasonable care, whereas trespassers are not." *Toomer v. William C. Smith & Co.*, 112 A.3d 324, 328 (D.C. 2015). A trespasser may recover only for "intentional, wanton or willful injury or maintenance of a hidden engine of destruction." *Holland v. Baltimore & O.R. Co.*, 431 A.2d 597, 599 (D.C. 1981).

In *Anderson v. U.S.*, this Court granted a motion to dismiss where the plaintiff was a trespasser at the time of her injury, and the complaint did not allege willful or wanton conduct on the part of the defendant. *See* 1992 U.S. Dist. LEXIS 7443, *1 (D.D.C. May 18, 1992). In granting the motion, the Court ruled that as the plaintiff did "not allege any intentional conduct; her complaint is one for negligence…Since plaintiff does not allege that defendants breached the

duty of care owed to her as a trespasser, her complaint must be dismissed." *Anderson*, 1992 U.S. Dist. LEXIS 7443 at *5.

Likewise, in *Coulston v. WMATA*, 2020 U.S. Dist. LEXIS 43846 (D.D.C. March 13, 2020), this Court granted WMATA's motion to dismiss, when the decedent entered the train tracks, was struck by a train and died, and the Complaint did "not allege that WMATA or any of its employees acted intentionally, wantonly, or willfully, or that [the decedent] died because of some hidden danger." *Coulston* at *6 ("The Complaint thus fails to state a claim upon which relief may be granted and must be dismissed."), citing *Anderson* at *2 (D.D.C. May 18, 1992) ("Since plaintiff does not allege that defendants breached the duty of care owed to her as a trespasser, her complaint must be dismissed.").

The same reasoning applies here as the Complaint makes no allegation of "intentional, wanton or willful injury or maintenance of a hidden engine of destruction" that caused harm to the Decedent, who was a trespasser at the time of the incident. (*See* Complaint at ¶¶ 1-37 (alleging only claims of negligence)). Accordingly, Plaintiffs' Complaint must be dismissed with prejudice.

## IV.   CONCLUSION

**WHEREFORE**, for the reasons set forth above, Defendant Washington Metropolitan Area Transit Authority respectfully requests that this Court grant this Motion and dismiss the Complaint with prejudice.

Respectfully submitted,

**KIERNAN TREBACH, LLP**

<u>*/s/ Nimalan Amirthalingam*</u>
Nimalan Amirthalingam, Esquire (#485117)
1233 20th Street, NW, Suite 800
Washington, D.C. 20036
T: (202) 712-7000
F: (202) 712-7100
namirthalingam@kiernantrebach.com
*Attorneys for Defendant Washington Metropolitan Area Transit Authority*