UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARLA DANCY HINES, *et al.*       :
                                  :
                    Plaintiffs    :
                                  :
     v.                           : Civil Action No. 1:21-cv-679 (DLF)
                                  :
WASHINGTON METROPOLITAN           :
AREA TRANSIT AUTHORITY            :
                                  :
               Defendant          :


## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

**COMES NOW** the Plaintiffs, Carla Dancy Hines and Anthony Dancy, Co-Personal Representatives of the Estate of their mother, Senella Dancy, and submit the following Memorandum of Points and Authorities in Support of their opposition to Defendant's Motion to Dismiss.

Plaintiffs have submitted an Amended Complaint as Co-Personal Representatives of the Estate of Senella Dancy pertaining to her death on March 14, 2019. The Complaint asserts a negligent claim seeking recovery pursuant to a Survival Action (Count I) and Wrongful Death Action (Count II). The Defendant WMATA has filed a Motion to Dismiss.

**I.   INTRODUCTION-   FACTUAL BACKGROUND.**

The relevant facts asserted in this Complaint are as follows:

1.   On March 14, 2019 the Decedent, age 78, was at the Fort Totten Metro Station intending to take a train to her home in Southwest Washington.

-1-

That at all times material Ms. Dancy was a customer/invitee of the Defendant, on their property with their consent.   (*See Amended Complaint para. 6, 14)*

2.   The Decedent had never ridden the train before, was 78 years old, was fragile, with brain atrophy and senile changes.

*(See Amended Complaint para. 7)*

3.   That the Plaintiff wandered on the platform, waiting for a train, for more than two and a half (2 1/2) hours, in a confused state. (*See Amended Complaint para. 15)*

4.   Plaintiff went through an unmarked, unlocked gate on the edge of the platform wandering onto and up the track for approximately 100 yards when she was struck and killed by a Metro train. *See Amended Complaint para 23)*

5.   Plaintiff's motions were monitored and observed by Defendant's staff at all times via videotaping. (*See Amended Complaint para. 18)*

6.   At no time did the Defendant assist, or rescue the Plaintiff. *(See Amended Complaint para. 21)*

7.   That the Plaintiffs' Decedent did not trespass onto the train tracks, but rather was allowed to proceed, after being observed, by the Defendants for an extended period of time. *(See Amended Complaint para. 6, 17-21).*

II.   **LEGAL STANDARD**.

(A) **Fed.R.Civ.P.12(b)(1)**

"Sovereign immunity claims are jurisdictional
*Burkhart v. WMATA 112 F.3d 1207, 1216*

> *(D.C. Cir. 1997).* Thus they are properly
> evaluated under Rule 12(b)(1). *See Loughlin
> v. United States 393 F.3d 155, 162-63
> (D.C. Cir. 2004; See also Whiteru v. WMATA 258
> F.Supp.3.d 175,181-82 (D.D.C. 2017)."*

Because the Federal Courts are Courts of limited jurisdiction

they presume that a cause of action lies outside of that jurisdiction.

To survive a *Rule 12(b)(1)* motion a Plaintiff must establish that the

Court has jurisdiction by a preponderance of the evidence.  *See Lujan

v. Defs of Wildlife 504 U.S. 555, 561(1992).*

Here the Court in considering a *Rule 12(b)(1)* motion must treat

the factual allegations of the Complaint as true and afford the Plaintiff

the benefit of all inferences derived therefrom.

The burden of proof is upon Plaintiff to establish the Court's

jurisdiction.

As set forth below, Plaintiff has set forth a cause of action

sounding in negligence.  The negligent claims sounding in failure to

warn, to operate, and/or to maintain are not barred by sovereign

immunity.

**(B) SOVEREIGN IMMUNITY.**

One of the best discussions of the concept of sovereign

immunity, was set forth in *WMATA v. Barksdale-Showell 965 A.2d 16 @ 18*

> "WMATA was created when Congress approved the
> Washington Metropolitan Area Transit Authority
> Compact ("Compact") that was signed by
> Maryland, Virginia, and the District of
> Columbia.  *See Pub.L No. 89-774, 80 Stat.
> 1324 (1966)(codified as amended at D.C.
> Code § 9-1107.01 et seq. (2001)).* The
> Compact confers upon the Transit Authority

the sovereign immunity enjoyed by the
signatories. *Beebe v. Washington Metro.*
*Area Transit Auth.*, 129 F.3d 1283, 1287
D.C.Cir. 1997). That sovereign immunity
has been waived for "torts. . .committed
in the conduct of any proprietary function,"
but preserved for "torts occurring in the
performance of a governmental function."
D.C.Code § 9-1107.01(80). Federal courts
and this court interpreting the sovereign
immunity provision of the WMATA Compact
have applied a two-part test to determine
whether an activity enjoys its protection.
First, the test asks whether a particular
activity is governmental or proprietary.
Activity found to be "quintessentially
governmental" falls directly within the
scope of WMATA's sovereign immunity. *See*
*McKethean v. Washington Metro. Transit*
*Auth.*, 558 A.2d 708, 713 (D.C. 1991)
(adopting the two-part test used in federal
circuit courts based upon the Federal Tort
Claims Act for claims brought under Section
80 of the WMATA Compact); *Dant v. District*
*of Columbia, 829 F.2d 69, 74 (D.C.Cir.1987)*
(holding that operation of police force is
"quintessentially governmental"). The
second part of the test addresses activities
that are not quintessential governmental
functions, where immunity depends on whether
the activity is considered discretionary or
ministerial. *Dant, 829 F.2d at 74.* Only
discretionary activity is shielded by sovereign
immunity *Id. at 75.*

Discretionary functions are

[965 A.2d 21]

governmental actions and decisions that are
"based upon consideration of public policy"
and require "an element of judgment or choice."
*Berkovitz v. United States, 486 U.S. 531,*
*536-37, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988).*
If any "'statute, regulation, or policy
specifically prescribes a course of action'" for
WMATA to follow, then no discretion is involved
because WMATA has "no rightful option but to

> adhere to the directive." *United States v.*
> *Gaubert, 499 U.S. 315, 322-23, 111 S.Ct. 1267,*
> *113 L.Ed.2d 335 (1991).*  In the absence of a
> prescribed code of conduct, however, WMATA's
> decisions are discretionary if they involve
> "political, social, [or] economic" choices.
> *See Burkhart v. Washington Metro. Area Transit*
> *Auth., 112 F.3d 1207, 1216 (D.C.Cir.1997).*
> A proprietary activity enjoys the protections
> of sovereign immunity only if it is a
> discretionary function. *Id. at 1217.*

WMATA does not claim that the functions in question were quintessentially governmental activities.

The issue therefore is whether or not its functions were discretionary and if so whether they were grounded in economic, social or political policy to immunize it from liability.

   (C) *Federal Rule 12(b)(6).*

Unlike a motion under *Rule 12(b)(1)* the burden of proof on a this issue is on the Defendant.  *See Hobson v. Keagne National Services 33 EBC 1221(2004 S.D.Ind.).*

The Defendant's motion must be considered in light of the prevailing law that recognizes that dismissal is proper only when it appears beyond doubt that the Plaintiff can prove no facts that would support the claim.  *See Schiff v. American Association of Retired Persons 697 A.2d 1193 (D.C. 1997).*

Before a complaint can be dismissed the Court must determine that the allegations do not support relief on any possible theory. *See District of Columbia v. Air Florida Inc. 243 U.S. App. D.C. 1, 750 A.2d 1077 (1984).*

The pleadings and all inferences deducible therefrom must be construed in favor of the Plaintiff.  *See Scheuer v. Rhodes 416 U.S. 232 94 S.Ct. 1683, 40 L.ED.2d 90 (1974); Gladstone v. Bellwood 441 U.S. 91, 6 L.ED 2ⁿᵈ 66, 99 S.Ct. 1601(1991).*

For purposes of this motion the Court is required to accept as true all well plead facts.  *See United States v. Mississippi 380 U.S. 128, 13 L.ED 2 717, 85 S.Ct. 808(1965); and Hettinga v. United States 677 F3 471, 476(D.C. Cir. 2012).*

When the Court takes into consideration the truth of all well plead facts, it is clear that the Plaintiff has set forth a cause of action against the Defendants.

III. <u>**THE DEFENDANT, WMATA IS NOT ENTITLED TO SOVEREIGN IMMUNITY WITH RESPECT TO PLAINTIFF'S NEGLIGENT FAILURE TO WARN CLAIM.**</u>

The Compact confers upon the Transit Authority the sovereign immunity enjoyed by the signatories.  *See Beebe v. Washington Metropolitan Area Transit Authority 129 F.3d 1283, 1287(D.C. Cir. 1997); WMATA v. Barksdale-Showell 965 A.2d 16, @ 20 (D.C. Cir. 2009).*

The District of Columbia law makes clear that whereas here, the Plaintiff brings a cause of action against Defendant WMATA for a negligent failure to warn, as opposed to the negligent design of a warning, WMATA is not entitled to sovereign immunity.  *See Abdulwali v. WMATA 315 F.3d 302 (D.C. Cir. 2003); Cope v. Scott 454 F.3d 445 (D.C. Cir. 1995)*(Failure to post warnings does not give rise to sovereign immunity); *WMATA v. Barksdale-Showell 964 A.2d 16(D.C. App. 2009); Reeves v. WMATA 135 A.3d 807(D.C. App. 2016); Seyler v. United States*

—6—

*832 F2 120(9th Cir. 1987).*

Plaintiffs' claim against the Defendant is not only for a claim of negligent failure to warn, but also, Defendant's failure to maintain the property, to operate it with reasonable care, and to secure locks on all gates, or other entrances to the unmarked entrances to the tracks.

The Courts in this jurisdiction have recognized, in the past, that WMATA is not immune from actions for the negligent operation and/or maintenance of its station. *See Dant v. District of Columbia 829 F.2 69, 74-75 (D.C. Cir. 1987).*

> "As we interpret the claim "operation and maintenance" involve ministerial rather than discretionary responsibilities and therefore are not shielded by WMATA's sovereign immunity." *Id. at 75.*

## IV.  PLAINTIFF IS ENTITLED TO DISCOVERY ON THE ISSUES OF MANDATORY POLICIES, RULES, REGULATIONS AND/OR PROCEDURES.

WMATA incorrectly claims that it is entitled to sovereign immunity with respect to the Plaintiffs' claim for negligent failure to warn, maintain and/or operate.

WMATA places significant emphasis on whether there exists any statutes, regulations, policies, or procedures which specifically prescribed a course of action for an employee to follow.

WMATA rationalizes that as the Plaintiff has failed to cite any specific statute, regulation or policy, none must exist and therefore any and all actions of the Defendant, WMATA, in the underlying case were discretionary.

The fallacy of the argument is two-fold:

1.    That the Defendant, WMATA has not permitted discovery on the issue of mandatory statutes, regulations or policies to date.

2.    That the discretionary actions of the Defendant if any, are not grounded "in social, economic, or political goals". *See Cope v. Scott 45 F.3d 445, 448 (D.C. Cir. 1995).*

In related cases where WMATA has made the argument that its acts were discretionary, the Plaintiff has been allowed to engage in discovery with respect to the existence and identification of mandatory rules, regulations, policies or procedures promulgated by WMATA prescribing specific actions on the part of their employees. In *Teman Chow v. WMATA Case No. 1: 19-CV-01354 (TNM)*, the Court specifically denied WMATA's motion to dismiss on the grounds of sovereign immunity for a failure to warn claim.  The Court specifically held that it was premature, without discovery to consider dismissal.  The Court denied the motion to dismiss, ordering discovery on whether WMATA had mandatory internal policies and procedures. *See Loughlin v. United States 393 F.3d 155, 162-163, (D.C. Cir. 2004), Ignatiev v. United States 238 F.3d 464, 466-67 (D.C. Cir. 2001).*

In this matter, pre suit, Plaintiffs requested production of WMATA regulations internal policies and procedures pursuant to WMATA's public access to records policy.  WMATA has not produced any requested documents.

In cases where party defendants, including WMATA, have made similar arguments, *i.e.*, Plaintiffs' failure to cite to any mandatory

—8—

rules and regulations (ministerial acts), the Court has ordered discovery to determine the existence of any such mandatory internal policies and procedures.  Plaintiffs respectfully request the Court to permit discovery on whether WMATA has such mandatory internal policies and/or procedures about:

1.    Warning patrons with respect to the tracks;

2.    Monitoring video cameras;

3.    Assisting disabled, elderly, and/or the infirm so that this jurisdictional issue can be fully addressed.

4.    Operation and maintenance of gates.  See Memorandum and Order in *Teman Chow v. WMATA Case No. 1: 19-CV-01354 (TNM)* attached.

## V.    THE DECEDENT WAS NOT A TRESPASSER AT THE TIME AND/OR UNDER ANY CIRCUMSTANCES WAS OWED A DUTY OF AT LEAST ORDINARY CARE.

Initially, in arguing that the Decedent was a trespasser, as opposed to an invitee, Defendant disregards the fundamental precept, *i.e.*, that for purposes of a motion to dismiss the Court, (and the parties) are required to accept as true the factual allegations of the Complaint.  *See United States v. Mississippi 380 U.S. 128, 13 L.ED.2d 717, 85 S.Ct. 808(1965), Hettinga v. United States 677 F.3d 471, 476(D.C. Cir. 2012).*

The pleading and all inferences deducible therefrom must be construed in favor of the Plaintiffs.  *See Scheuer v. Rhodes 416 U.S. 232, 94 S.Ct. 1683, 40 L.ED.2d, 90 (1974).*

Plaintiff has alleged that:

1.    At all times material the Plaintiffs'' Decedent was a customer/

–9–

invitee (Amended Complaint para 6, 14);

2.    That the Plaintiffs' Decedent was observed on the train tracks and was allowed to proceed after having been observed by the Defendants for an extended period of time.

When Plaintiffs' allegations are accepted as true the Defendant's motion fails.

Secondly, the Defendant attempts to minimize the focus of the Complaint, strictly confining the Plaintiff's status on the property only when the Decedent was on the tracks.

The thrust of Plaintiffs' Complaint is that the Decedent, a customer/invitee was allowed to wander, unassisted for 2 ½ hours in a confused state on the station platform, and to gain access to the tracks only because of the Defendant's negligent failure to:

1.    Maintain and operate the premises with reasonable care, *i.e.*, not just the tracks;

2.    Maintain the locks on the gates to the tracks;

3.    Post warnings that the unmarked gate led to the tracks.

Again, if accepted as true, all of the Defendant's actions before the Plaintiffs' Decedent was on the tracks constitute a cause of action sounding in negligence that gave rise to her ultimate death.

The District of Columbia has recognized a failure to warn prospective passengers constitutes a cause of action in negligence. *See Reeves v. WMATA 135 A.3d 807 (D.C. App. 2016)*.   Similarly a negligent failure to maintain or negligent failure to operate gives rise to a cause

of action in negligence.  *See Dant v. District of Columbia 829 F.2d 69, 74-75 (D.C. Cir. 1987).*

## VI.   A TRESPASSER IS OWED A DUTY OF ORDINARY CARE WHERE THE DEFENDANT IS AWARE OF THE TRESPASSER.

Assuming arguendo, that the Plaintiff was a "trespasser" at the time she was struck by the train on the tracks, clearly she was not such a trespasser when the Defendant's negligence allowed her to go through an unlocked, unmarked gate that led to her demise.

The Defendant contends that the Plaintiffs' Decedent became a trespasser when she left the platform and went onto the tracks at the time of her death.  In making this conclusion the Defendant disregards paragraph 6 of the Amended Complaint, *i.e.*, that the Plaintiffs' Decedent was a "customer/invitee of the Defendant WMATA at their Fort Totten Station located at northeast Washington, D.C."

Defendant further disregards prevailing law that the Defendant, property owner, owes a trespasser, whose presence is known, a duty of ordinary care.

In *Copeland v. Baltimore O.R. Co. 416 A.2d 1, (D.C. Cir. 1980)*, the D.C. Court of Appeals acknowledged that where a railroad has discovered the presence of a "trespasser" the railroad owes the trespasser a duty of ordinary care. *416 A.2d 1, @ 3.*  There the Court cited *Bremmer v. Lake Erie W.R. Co. 318 Ill.11, 148 N.E. 862 (1925)* which stated,

> "Once the presence of a trespasser is known, the railroad must exercise ordinary care not to injure the trespasser.  The Court stated, "if by the exercise of

-11-

> ordinary care injury can be avoided the
> Defendant is liable for the failure to
> use such care, but to a trespasser, whose
> presence or whose danger is unknown there
> is no duty to exercise ordinary care,
> though there is a duty not to injure him
> willfully or wantonly or by such gross
> negligence as evidences willfulness."
> (*Id., 148 N.E. at 864*)

The *Copeland* case recognized that the above standard has generally been accepted.  *See Prosser, Law of Torts §58,* at 369-370 (3rd ED 1964). *See also Gould v. DeBeve 330 F.2d 826 (D.C. Cir. 1964)*

Here, Plaintiff has clearly alleged:

1.  That she was an invitee at the time of the occurrence. *(See Amended Complaint para. 6)*

2.  That the Defendants observed her presence both on the platform for more than two and a half (2 1/2) hours, and on the tracks, and did not come to her aid. *(See Amended Complaint para 18)*

The dispute of the Plaintiffs' status on the property, *i.e.,* trespasser/invitee is a question of fact for the jury.  *See WMATA v. Ward 433 A.2d 1072(D.C. 1981).*  That dispute does not serve as a basis to dismiss the action.

While there may be a factual dispute, as to whether the Plaintiff is an invitee or a trespasser, there is no dispute, according to the pleadings, that she is alleged to have been observed by the Defendants who negligently failed to come to her aid.

*(See Amended Complaint para. 18)*

In short, the Plaintiff has set forth a cause of action in

negligence, breach of ordinary care, pursuant to the *Copeland* doctrine, *supra.*

The Defendants confuse the Court's ruling in *Holland v. Baltimore O.R. Co. 431 A.2d 597 (D.C. Cir. 1981)* and *Lacey v. Sutton Place Condominium Association 684 A.2d 390* with the same Court's holding in *Copeland v. B&O Railroad Company, supra (1980).* In *Holland*, the Court simply reiterated that it would not extend the duty of <u>reasonable care</u> to trespassers as adopted by the Circuit Court in *Smith v. Arbaugh's Restaurant Inc. 152 U.S. App. D.C. 86, 469 F.2 97 (1972).*

In *Lacey, supra*, the Court ruled that it would not extend the duty of reasonable care to a trespasser, whose presence was not known but may be foreseeable.

The *Copeland* exception is limited only to those individual trespassers known to be present by the property owner. Stated simply, the exception created by *Copeland*, was not a part of the Court's ruling in *Holland v. Baltimore & Ohio Railroad, Smith v. Arbaugh's Restaurant, Inc.* or *Lacey v. Sutton Place Condominium Association, supra.*

The District of Columbia has recognized on a number of occasions that a trespasser whose presence is known is owed a duty of ordinary care. See *Copeland, supra; Daisy v. Colonial Parking Inc. 118 U.S. App. D.C. 31, 331 F.2d 777(1963); Gould v. DeBeve 330 F.Seq. 826 (D.C. Cir. 1964).*

The Plaintiff has set forth a cause of action in negligence, breach of ordinary care, pursuant to the *Copeland Doctrine, supra.*

—13—

Importantly, in *Johnson v. WMATA 764 FS 1568 (D.D.C. 1991)* the Court pointed out,

> "Moreover *Holland* does not say it overrules *Copeland*. *764 F.Supp. 1568, at 1573 (D.D.C. 1991)*

Significantly, the Defendants rely on a line of cases involving summary judgment, not motions to dismiss, for the arguments posed pertaining to the duty owed to a trespasser.  See

1.   *Johnson v. WMATA, supra;*

2.   *Edwards v. Consolidated Rail Corp. 567 F.Supp. 1087 (D.D.C. 1989);*

3.   *Lacey v. Sutton Place Condominium 684 A.2d 390 (D.C. 1996).*

*Johnson, supra,* makes clear that *Copeland* has never been overruled.

## VI.   THE PLAINTIFFS HAVE ALLEGED THAT THE DEFENDANT'S ACTIONS CONSTITUTED A WANTON DISREGARD FOR PLAINTIFF'S SAFETY.

The Defendant recognizes, in its pleadings, that at a minimum the Plaintiff may recover for "intentional wanton or willful injury."  (See Defendants original Memorandum page 4.)

The Plaintiffs have alleged, in the Amended Complaint that the Defendant was either negligent or engaged in wanton conduct. (See para 25).  The Defendant, citing *Anderson v. United States 1992 U.S. Dist. Lexis 7443* recognizes that it had a duty to refrain from wanton conduct.  (See Defendant's original Memorandum page 4.)

In the District of Columbia one engages in wanton conduct when it commits acts that it realizes or should realize constitute a foreseeable risk of bodily harm.  *See Safeway Trails Inc. v. Schmidt 225 A.2d 317(D.C. Cir. 1967).*

In *Gould v. DeBeve 330 F.Seq. 826 (D.C. Cir. 1964)* the Court recognized a landlord's failure to comply with housing regulations constituted wanton or willful conduct when the risk for injury was foreseeable.   There the landlord failed to repair a screen resulting in a child falling out of a window.

The Court cited *Harper & James, The Law of Torts, Section 27.3 at Page 1437,*

> "That a trespasser's presence is often foreseeable in fact, and when that is so, that occupier should not be exempted from the obligation of ordinary care by a rule of law found on a premise of fact shown not to exist in this case."

The Plaintiffs have clearly alleged that the Defendants conduct, in observing the 78 year old lady wander aimlessly for 2 ½ hours on the platform, walk through an unmarked, unlocked gate and onto the tracks for 100 yards or more constituted a foreseeable risk of bodily harm. (See Amended Complaint para 15 to 18.)

In its pleadings the Defendant acknowledges that

> "A cause of action in fact exists for its alleged wanton conduct."
>
> (See Defendant's Memorandum in support of original Motion To Dismiss page 4.)

Interestingly, the Defendant relies upon *Johnson v. WMATA 764, F.Supp. 1568 (D.D.C. 1991)*.

*Johnson*, in fact, recognizes that it is foreseeable that patrons will wind up on WMATA tracks.   There the District Court stated

> "It is not only foreseeable that patrons will

—15—

> wind up on WMATA tracks; WMATA trains its
> operators on how to react when that happens."
> *764 F.Supp 1568, at 1574 (D.D.C. 1991)*

Of necessity, the Defendant recognized that a 78 year old, confused individual, posed a foreseeable risk of injury while walking on the tracks.  (See Amended Complaint para 16 - 20).

As set forth in paragraphs 21 through 26 the Defendant repeatedly failed to exercise ordinary care by:

1.    Failing to assist the Plaintiffs' Decedent for over 2 ½ hours;

2.    Failing to intervene when the Plaintiffs' Decedent entered the train tracks and walked 100 yards;

3.    Failing to stop in coming trains so that the Plaintiffs' Decedent could be safely removed;

4.    Failing to secure any and all gates and/or warn the Plaintiffs' Decedent of the existence of the track.

All that is necessary, at this stage of the proceedings, to set forth a cause of action for wanton conduct is to allege that the Plaintiff posed a foreseeable risk of injury, and that the Defendant's actions culminated in the occurrence thereof.  *See Gould v. DeBeve, 330 F.2d 826 (D.C. Cir. 1964).*

It should be pointed out, that the Defendants go to great lengths to cite a line of cases involving the resolution of the issue of the Plaintiff's status on the property, *i.e.*, invitee/trespasser by summary judgment.  *See Johnson v. WMATA 764, F.Supp. 1568 (D.D.C. 1991); Copeland v. Baltimore & Ohio Railroad Company 416 A.2d 1 (D.C. Cir. 1980);*

*Lacey v. Sutton Place Condominium 684 A.2d 390; Holland v. Baltimore & Ohio Railroad 431 A.2d 597 (1981).*

The significance of Defendant's reliance is noteworthy.  Those cases were not resolved, as here by way of a motion to dismiss under *Rule 12(B)(6),* but only after the parties had full and complete discovery including depositions, and production of various rules, regulations, statutes and procedures governing the Defendant's conduction of its proprietary business, a subway/bus company.

## VII.  CONCLUSION.

1.   Plaintiffs have set forth a cause of action against the Defendant WMATA, as an invitee;

2.   Plaintiffs have set forth a cause of action against the Defendant WMATA, for breach of a duty of ordinary care to a known trespasser. *Copeland v. Baltimore & Ohio Railroad Company 416 A.2d 1 (D.C. Cir. 1980);*

3.   Plaintiff has set forth a cause of action against the Defendant WMATA for wanton conduct.  Plaintiffs' Decedent's presence on the tracks was foreseeable to the Defendant that injury would occur. Defendant WMATA's disregard of safety protocols, rules, regulations caused that foreseeable injury. *See Johnson v. WMATA 764, F.Supp. 1568 (D.D.C. 1991); WMATA v. Barksdale-Showell 965 A.2d 16 (D.C. App. 2009).*

4.   WMATA does not enjoy sovereign immunity for causes of action sounding in negligent failure to warn, negligent operations or maintenance.  *See Abdulwali v. WMATA 315 F.3d 302 (D.C. Cir. 2003); Cope*

–17–

*v. Scott* 454 F.3d 445 (D.C. Cir. 1995).

    5.    To the extent that the Defendant has raised the jurisdictional issue of sovereign immunity, Plaintiffs are entitled to discover the existence of mandatory rules, regulations, statutes, policies and procedures relevant to the ministerial actions of the Defendant in this case. *See Teman Chow v. WMATA* Case No. 1: 19-CV-01354 (TNM). See Exhibit 1 attached.

    Accordingly, it is respectfully requested that the Honorable Court deny the Defendant's Motion to Dismiss the Amended Complaint and permit jurisdictional discovery.

Respectfully submitted,

COSTELLO & EDWARDS, LLC

By:  /s/John F.X. Costello
     John F.X. Costello
     CPF#7712010068
     5845 Allentown Road
     Camp Springs, MD 20746
     (301) 925 - 9080
     (301) 925 - 9029
     johnfxcostello@gmail.com

PAULSON & NACE, PLLC

By:  /s/Matthew A. Nace
     Matthew A. Nace
     CPF#0812170318
     1025 Thomas Jefferson St, NW
     Suite 810
     Washington, DC  20007
     202-851-9899
     man@paulsonandnace.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May _____, 2021, a copy of the foregoing was served *via* the Court's electronic filing system upon:

Nimalan Amirthalingam, Esq.
Kiernan Trebach, LLP
1233 20th Street, NW
Suite 800
Washington, DC  20036
*Attorney for Defendant*

/s/John F.X. Costello
John F.X. Costello


/s/Matthew A. Nace
Matthew A. Nace