**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CARLA DANCY HINES *et al*.,

                *Plaintiffs*,

      v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY,

                *Defendant*.

No. 21-cv-679 (DLF)

**MEMORANDUM OPINION AND ORDER**

After Senella Dancy was struck and killed by a Washington Metropolitan Transit Authority (WMATA) train, her children sued to recover for her alleged wrongful death. The Court granted in part and denied in part WMATA's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Order, Dkt. 20. Before the Court is WMATA's Motion for Reconsideration, Dkt. 22, and the plaintiffs' Motion for Leave to File Second Amended Complaint, Dkt. 24. For the reasons that follow, the Court will grant WMATA's motion in part and deny it in part and will grant the plaintiffs' motion.

In its motion to dismiss, WMATA argued that some of the plaintiffs' claims were barred by its sovereign immunity. Def.'s Mot. to Dismiss, Dkt. 13, at 4–10. The Court declined to dismiss those claims at that time, instead allowing the plaintiffs to conduct jurisdictional discovery to determine whether WMATA had mandatory policies regarding warning patrons about the tracks; locking the gates leading to the tracks; monitoring video cameras; and/or monitoring and assisting disabled, infirm, or elderly patrons. Order; *see also* Op. at 7–10, Dkt. 21. WMATA also argued that Dancy, having mistakenly wandered onto the tracks, was a

trespasser, and that the plaintiffs had failed to sufficiently allege wanton conduct.  Def.'s Mot. to Dismiss at 10–21.  The Court agreed that Dancy became a trespasser once she stepped onto the tracks and that the plaintiffs' allegations regarding WMATA's actions at that point—namely, that the driver failed to hit the train's emergency stop button and stop the incoming train—did not rise to the level of wanton conduct.  Op. at 10–13.  It therefore dismissed those claims without prejudice.  *Id.*; *see also* Order.

WMATA now asks the Court to reconsider its decision under Federal Rule of Civil Procedure 54(b) or 60(b) and dismiss the plaintiffs' complaint in its entirety.  Def.'s Mot. to Reconsider at 2–5.  Because the Court did not enter a final judgment, Rule 54(b) governs WMATA's motion.  The Court may grant such a motion "as justice requires."  *Judicial Watch v. Dep't of Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006) (internal quotation omitted).  "Justice may require revision when the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court."  *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal quotation and alteration omitted).  And the Court may "elect to grant a motion for reconsideration if there are other good reasons for doing so."  *In Def. of Animals v. Nat'l Inst. of Health*, 543 F. Supp. 2d 70, 76 (D.D.C. 2008) (internal quotation omitted).

Because the Court agreed that Dancy was a trespasser, WMATA argues that the plaintiffs cannot recover for their claims regarding WMATA's *negligent* failure to warn or take other safety measures.  Def.'s Mot. to Reconsider at 3–5.  After all, it contends, the Court already ruled that the plaintiffs' complaint did not plausibly allege wanton conduct.  *Id.* at 5 (citing Op. at 12).

WMATA is partially correct.  "The duty owed and the degree of care required to be exercised by the landowner . . . depend[s] upon the status of the injured person at the time of the accident." *Firfer v. United States*, 208 F.2d 524, 527 (D.C. Cir. 1953).  Thus, WMATA is not liable unless it, at any point during her time in the station, acted intentionally, wantonly, or willfully, or maintained a hidden engine of destruction.  *Holland v. Baltimore & O. R. Co.*, 431 A.2d 597, 599 (D.C. 1981) (en banc).  The plaintiffs cannot recover for Dancy's injury when she was a trespasser based on WMATA's mere negligent actions—even those actions that took place when she was still on the platform and not yet a trespasser.  To the extent the Court's opinion appeared to allow mere negligence claims to proceed, that was error, and WMATA's motion to reconsider on that basis is granted.

But contrary to WMATA's contention, the Court did not expressly hold that the plaintiffs' allegations regarding WMATA's failure to warn and/or to take other safety measures only constituted negligence.  To be sure, the complaint at times characterizes these omissions as negligent.  *See, e.g.*, Am. Compl. ¶ 23, Dkt. 10.  But at other times, the complaint refers generally to WMATA's "wanton conduct and/or misconduct," applying to each allegation.  *Id.* ¶¶ 25, 26.  *Cf. Coulston v. WMATA*, No. 19-cv-2060, 2020 WL 1236563, at *3 (D.D.C. Mar. 13, 2020) (dismissing a complaint that contained no allegations that the defendant acted intentionally, wantonly, or willfully); *Anderson v. United States*, No. 91-cv-16, 1992 WL 118312, at *2 (D.D.C. May 18, 1992) (same).  And the Court finds that, construing all reasonable inferences in favor of the plaintiffs, *see Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016), the allegations regarding WMATA's failure to warn and to take other safety measures suffice to state a claim for wantonness.  According to the complaint, Dancy wandered the platform in a clearly confused state for over two and a half hours before walking through an

unlocked gate without a warning about the tracks.  Am. Compl. ¶¶ 15, 16, 17, 23, 24.  WMATA employees failed to properly monitor the station and the station camera.  *Id.* ¶ 25(c), (f).  And these acts and/or omissions were allegedly in violation of WMATA's mandatory policies, *see id.* ¶ 25(p), (q), (r), the existence of which will be confirmed or denied pending jurisdictional discovery, *see* Op. at 7–10.[1]

True, without more, the violation of a rule or regulation "does not, of itself, make the omission willful or wanton misconduct."  *Copeland v. Baltimore & O. R. Co.*, 416 A.2d 1, 3 (D.C. 1980).  But here, WMATA's alleged violations did not occur in "an area on which the railroad could not have expected to find human activity."  *Id.* at 4.  Rather, they took place right on the platform of a metro station.  And while it may not always be wanton for WMATA's employees to not constantly monitor the station camera, *see Whitaker*, 1984 U.S. Dist. LEXIS at *32, it may be if the omission violated a mandatory duty and persisted for hours, as opposed to minutes.  Accordingly, assuming the truth of the plaintiffs' allegations, the Court can reasonably infer that WMATA acted wantonly, as it was "foreseeable to a reasonable person" that vulnerable patrons, unmonitored for hours, could wander through an unlocked gate onto an unmarked track and get injured.  *See Copeland*, 416 A.2d at 4.  Thus, the Court will adhere to its earlier order, and will allow the claims regarding WMATA's failure to warn and to take other safety measures to survive pending jurisdictional discovery.

---

[1] If jurisdictional discovery reveals that WMATA does not have internal mandatory policies on these issues, the plaintiffs' claims may very well be barred by the defendant's sovereign immunity.  *See Harris v. WMATA*, 490 F. Supp. 3d 295, 313 (D.D.C. 2020) (whether to "adopt a policy of monitoring each security camera in real time" is a discretionary policy choice for which WMATA is immune); *Whitaker v. WMATA*, 1984 U.S. Dist. LEXIS 16712, at *27–28 (D.D.C. May 14, 1984) (same).

The Court will grant the plaintiffs' motion for leave to amend their complaint.  Fed. R. Civ. P. 15(a)(2).  WMATA argues that the plaintiffs' bolstered allegations that speak to Dancy's status as a "known trespasser" are futile because the "known trespasser" status has been abrogated.  Def.'s Opp'n at 7, Dkt. 27-4.  This is a difficult legal question best presented and decided on a motion to dismiss.  And the Court is unpersuaded that the proposed amendment is futile, as the plaintiffs' allegation that Dancy was on the track, unassisted, for over twenty minutes, may bolster the charge of wantonness.  *See* Proposed Second Am. Compl. ¶¶ 21–22, Dkt. 24-4.

Accordingly, it is

**ORDERED** that WMATA's Motion for Reconsideration, Dkt. 22, is **GRANTED IN PART AND DENIED IN PART**.  The plaintiffs' claims regarding WMATA's wanton failures to warn and to take other safety measures survive.  It is further

**ORDERED** that the plaintiffs' Motion for Leave to File Second Amended Complaint, Dkt. 24, is **GRANTED**.  The Clerk of Court is directed to docket the [24-4] Second Amended Complaint as the plaintiffs' Second Amended Complaint.  WMATA shall answer or otherwise respond to this complaint on or before June 30, 2022; the plaintiffs shall respond on or before July 14, 2022; and the defendants shall reply on or before July 21, 2022.  Jurisdictional discovery remains stayed pending the Court's resolution of any such forthcoming motion.

**SO ORDERED**.


DABNEY L. FRIEDRICH
United States District Judge

June 16, 2022